895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Albert ALLEN, Plaintiff-Appellant,
v.
W. Jeff REYNOLDS, Commissioner; Larry Lack, Warden; Alton
Hesson, Warden; Kevin M. Rea; Tennessee Department of
Corrections; Nurse Milan; Dr. Stephen L. Averett; Dr.
Borton; Dr. Gains; T. Vance, Cpl.; Crisky Dodson; Dennis
Traughber; Martha K. McKinney; Joe Phana Quomah; William
B. Klien, Sgt.; Middle Tennessee Reception Center,
Defendants-Appellees.
 No. 89-6124.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William Albert Allen, a pro se Tennessee prisoner, appeals from the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Allen sued defendants, the Tennessee Department of Corrections and various prison officials, alleging numerous violations of his civil rights. Allen alleged: (1) that he was denied the right to a disciplinary hearing; (2) that he was denied the right to confront his accuser at a disciplinary hearing; (3) that he was improperly classified into a higher custody rating due to the use of an incorrect pre-sentence investigation report; (4) that he has been denied adequate medical care; and (5) that prison officials have improperly censored his incoming mail.
 
 
 4
 After a review of the magistrate's report and Allen's objections, the district court adopted the magistrate's recommendation and dismissed the case as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Further, at the time he filed his objections to the magistrate's report, Allen tendered a supplemental complaint to the district court. However, because the supplemental complaint dealt with assertions of civil rights violations which occurred after Allen filed his initial complaint, the district court treated the supplemental complaint as a new and separate action. Allen has filed a timely appeal, challenging the district court's dismissal of his complaint and also asserting that the district court erred in treating his supplemental complaint as a new and separate action. In addition, Allen has also filed motions for the appointment of counsel and for the production of a transcript at government expense.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated by that court.
 
 
 6
 Allen failed to state a successful claim under 42 U.S.C. Sec. 1983 because he cannot establish that defendants deprived him of a right secured by the Federal Constitution or federal law. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978).
 
 
 7
 First, Allen's claims that he was denied the right to a disciplinary hearing and to confront his accusers at such a hearing are meritless. In this situation, defendants complied with the procedural requirements applicable to prisoners in a disciplinary action situation. See Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). Allen was given adequate notice of the charges against him and he was given more than 24 hours to prepare for the disciplinary hearing. Further, Allen attended the hearing and made a statement on his own behalf. At that point, Allen insisted on leaving the hearing, thereby forfeiting his opportunity to present evidence and confront his accuser.
 
 
 8
 Second, Allen's claim that he was improperly classified into a higher custody rating is meritless. An inmate has no inherent constitutional right to enjoy a particular security classification. Montanye v. Haymes, 427 U.S. 236, 242 (1976). Moreover, prison administrators are accorded wide-ranging deference in matters of institutional security, and absent substantial evidence of record which indicates an exaggerated response by prison officials, the courts will ordinarily defer to their judgment. Bell v. Wolfish, 441 U.S. 520, 547-48 (1979).
 
 
 9
 Third, Allen has not stated a claim for inadequate medical care. Prison authorities may be sued for deliberate indifference to the serious medical needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Allen has received medical treatment on numerous occasions for the problem which forms the core of his complaint; however, Allen is unable to accept the opinion of his doctor. Under these circumstances, no eighth amendment violation is established by possible medical malpractice or due to a difference of opinion between the plaintiff and his doctor regarding diagnosis and treatment. Estelle, 429 U.S. at 106-07.
 
 
 10
 Fourth, Allen's claim that prison authorities are censoring his incoming mail is meritless. Allen has alleged only that his legal mail was opened on a single instance. Moreover, the record reflects that defendants opened Allen's mail (which was addressed only to the prison and not to a particular inmate) solely to determine its proper recipient. Under these circumstances defendants acted reasonably to determine the addressee of the mail and thus did not violate Allen's first amendment rights. Cf. Thornburgh v. Abbott, 109 S.Ct. 1874 (1989); Procunier v. Martinez, 416 U.S. 396, 413-16 (1974).
 
 
 11
 Finally, the district court did not err in treating Allen's supplemental complaint as a new and separate complaint. Allen's supplemental complaint, which was tendered after he filed objections to the magistrate's report, deals with events occurring subsequent to his transfer to a different prison. A motion to supplement a complaint under Fed.R.Civ.P. 15(d) is properly addressed to the discretion of the trial court. See Otis Clapp & Son, Inc., v. Filmore Vitamin Co., 754 F.2d 738, 743 (7th Cir.1985). Given the delay, which would have resulted from the granting of the motion to supplement, we conclude that the district court did not abuse its discretion in denying the motion to supplement the complaint. Id.
 
 
 12
 Accordingly, the motions for the appointment of counsel and for the production of a transcript at government expense are hereby denied. Further, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.